UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNETTA WOODARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08 C 974 |
| vs. ) | |
| ) | Jury Demand |
| BORG WARNER TRANSMISSION ) | |
| SYSTEMS, INC., ) | Judge Hart |
| ) | Magistrate Judge Denlow |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND
ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant BORGWARNER TRANSMISSION SYSTEMS INC. ("BorgWarner"), by and through its attorneys, hereby answers the allegations of Plaintiff's Complaint as follows:

Nature of the Action

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. 2000e et seq., ("Title VII"). venue jurisdiction under 28 U.S.C.A. 1343(4) and 42 U.S.C.A. 2000e-5(f), for COUNTY having subjected Plaintiff to racial discrimination by failure to treat her the same as Caucasian employees for which Plaintiff's repeated complaints about same. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**ANSWER: BorgWarner admits that Plaintiff brings this action under the statutes cited, that this court has jurisdiction over this matter under those statutes and that venue is proper. BorgWarner denies the remaining allegations in Paragraph 1.**

PARTIES

2. Plaintiff, JEANNETTA WOODARD, (hereinafter "Plaintiff or WOODARD") is an adult person and a resident of Cook County, State of Illinois.

**ANSWER: Admitted.**

3.      WOODARD was an employee of Defendant, BORG WARNER TRANSMISSION SYSTEM, INC. (HEREINAFTER "Defendant or BORG") from December 1, 2003, until she was constructively discharged on September 27, 2007.

**ANSWER:   BorgWarner admits that Plaintiff was an employee of BorgWarner Transmission Systems Inc. (improperly identified in the Complaint as "Borg Warner Transmission System, Inc.") from on or about December 1, 2003 until on or about September 27, 2007.  BorgWarner denies that Plaintiff was constructively discharged and denies the remaining allegations in Paragraph 3.**

4.      BORG is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq.*, and has been at all times material to the allegations herein.

**ANSWER:  Admitted.**

## STATEMENT OF CLAIMS

5.      Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

**ANSWER:  BorgWarner repeats and reasserts its responses to Paragraphs 1-4 as if fully restated herein.**

6.      Defendant by its action or actions of its' agents, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiffs employment and Plaintiff performance in her job and created a racial, hostile and offensive work environment.  All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter</u> <u>alia</u> the Civil Rights Act of 1991.

**ANSWER:  Denied.**

7.By reason of the racial discrimination of Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

**ANSWER:  Denied.**

8.Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

**ANSWER:  Denied.**

9.Plaintiff has no adequate remedy at law to secure relief.  If this court does not enter an order for Defendant to re-employ Plaintiff, Plaintiff will be irreparably injured.

**ANSWER:  Denied.**

10.Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity (EEO).  That charge was timely filed, under procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. § 2000e-5(e).  (See Exhibit A).

**ANSWER:  BorgWarner lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 10.**

11.On November 13, 2007, Plaintiff received notice from the EEO of her right to bring this action (see Exhibit "B"), and Plaintiff timely filed this action.

**ANSWER:  BorgWarner lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11.**

## AS AND FOR A SECOND CAUSE OF ACTION
(Title VII-RETALIATION)

12. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER: BorgWarner repeats and reasserts its responses to Paragraphs 1-11 as if fully restated herein.**

13. Defendant has intentionally retaliated against Plaintiff, based upon filing a complaint for sexual harassment committed by employees of BORG. Wherein, Defendant's agents created a hostile, an offensive and a retaliatory work environment, all in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

**ANSWER: Denied.**

14. By reason of the retaliation of BORG, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

**ANSWER: Denied.**

15. Further, said action on the part of the BORG was done with malice and reckless disregard for Plaintiff's protected rights.

**ANSWER: Denied.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole for the losses caused by the violations of Defendant;

3. For compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

**ANSWER: BorgWarner denies that Plaintiff is entitled to any damages or any other relief.**

### ADDITIONAL AND AFFIRMATIVE DEFENSES

1. In connection with any claim, Plaintiff is not entitled to recover damages or relief duplicative of damages or relief sought in connection with any other claim.

2. Plaintiff's claims for damages are barred or limited because Plaintiff has either mitigated her damages or has failed to mitigate her damages.

3. To the extent that Plaintiff's administrative proceedings, including any such proceedings with the EEOC, were not timely instituted, her Complaint is barred, in whole or in part, by the applicable statute of limitations.

4. Any of BorgWarner's conduct towards Plaintiff was taken for legitimate, non-discriminatory reasons other than her race or any other impermissible reason.

5. Any of BorgWarner's conduct towards Plaintiff was taken for legitimate, non-retaliatory reasons and not for any retaliatory or unlawful reason.

6. If Plaintiff seeks compensation for alleged future lost wages ("front pay"), such claims are barred or limited because they are too speculative and not well grounded.

7. Plaintiff is not entitled to any punitive damages because her employer did not willfully violate any statute or act recklessly, wantonly or willfully.

8. Defendant asserts all other defenses available in law and equity.

WHEREFORE, BorgWarner Transmission Systems Inc., respectfully requests that this Court enter an Order dismissing the Complaint with prejudice and awarding BorgWarner Transmission Systems Inc., all costs of defending this lawsuit.

>Respectfully submitted,
>
>BORGWARNER TRANSMISSION SYSTEMS INC.
>
>By: /s/ Michael H. Cramer
>      One of Its Attorneys

Michael H. Cramer (#6199313)
Jennifer L. Colvin (#6274731)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
Two First National Plaza
Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891
(312) 558-1220

Dated: March 17, 2008

*c/m: 055864-69*

6150069.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certified that on this 17th day of March, 2008, the foregoing **DEFENDANT'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Michael T. Smith
>MICHAEL T. SMITH & ASSOCIATES
>440 W. Irving Park Road
>Roselle, IL 60172
>(Attorney for Plaintiff)
>(847) 895-0626
>msmith39950@aol.com

>/s/ Michael H. Cramer
>   One of Its Attorneys